# IN THE COURT OF APPEALS OF IOWA

No. 20-1007
Filed September 23, 2020

**IN THE INTEREST OF T.G.,**
**Minor Child,**

**L.C., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Deborah L. Johnson of Deborah L. Johnson Law Office, P.C., Altoona, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Erin Mayfield of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and May and Ahlers, JJ.

**MAY, Judge.**

A mother appeals from the termination of her parental rights to her child, T.G., who was born in 2019.[1] She claims (1) the State failed to establish statutory grounds authorizing termination and (2) termination is not in T.G.'s best interest. We affirm.

We review termination proceedings de novo. *In re Z.P.*, ___ N.W.2d ___, ___, 2020 WL 5268435, at *3 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted).

We generally use a three-step analysis to review the termination of parents' rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interest, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

The mother claims the State failed to satisfy the statutory grounds authorizing termination. The juvenile court found grounds for termination under Iowa Code section 232.116(1)(g) and (h) (2020). When, as here, the juvenile court

---

[1] The juvenile court also terminated the father's parental rights, but he does not appeal.

determines multiple statutory grounds support termination, we may affirm on any ground supported by the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus on section 232.116(1)(h). It authorizes termination of parental rights when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother only challenges the fourth element. It is satisfied when the State establishes the child cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

The State highlights the mother's continued "struggle with untreated and unstable mental health" as well as "uncontrolled anger and violence." The Iowa Department of Human Services (DHS) has been involved with the mother since 2015. Her parental rights to her five older children were terminated in 2019. And we share the juvenile court's concern that "[d]espite years of services," the mother "continue[s] to struggle with substance abuse, criminality, and domestic violence." The mother admitted to using marijuana and drinking alcohol during her pregnancy with T.G. She has been involved in two domestic incidents with the father since T.G. was born. She did not complete the mental-health evaluation DHS recommended. She failed to attend therapy consistently. She routinely missed

hearings and family meetings. She has continued to struggle with alcohol and marijuana. And she failed to attend visitation consistently.

So we agree with the juvenile court that T.G. could not have been safely returned to the mother's care at the time of the termination hearing. This step in our analysis is satisfied. *See Z.P.*, ___ N.W.2d at ___, 2020 WL 5268435, at *4 (affirming termination under section 232.116(1)(h) where parent "was not prepared to assume a parenting role at the time of trial").

Our next step centers on the child's best interest. *See* Iowa Code § 232.116(2). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

Like the juvenile court, we conclude termination is in the child's best interest. As explained, the mother has unresolved substance-abuse issues. She does not have a stable home. And she does not have a job. Considering the mother's history of instability, we are not confident she will be able to adequately meet the child's needs in the future. *See In re C.W.*, 554 N.W.2d 279, 283 (Iowa Ct. App. 1996). The second step in our analysis is complete.

Finally, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing

a section 232.116(3) exception rests with the parent. *See A.S.*, 906 N.W.2d at 476.

As part of her best-interest argument, the mother refers to section 232.116(3) and emphasizes "the bond the child has with her." From this, we infer the mother is relying on section 232.116(3)(c). It authorizes the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

We decline to apply section 232.116(3)(c). By the time of the termination hearing, T.G. was a little over ten months old. T.G. had already spent all but four days of that time out of the mother's care. Any lingering bond between them does not outweigh T.G.'s pressing, imperative need for a safe and stable home.

The juvenile court was right. We affirm.

**AFFIRMED.**